**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHERYL H. KATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-8203 |
| | ) | |
| JEWISH COMMUNITY CENTERS OF | ) | |
| CHICAGO, an Illinois Not-For-Profit Corporation, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, SHERYL H. KATZ, by and through her attorney, Peter A. Cantwell of Cantwell & Cantwell, and for her Complaint against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, an Illinois Not-For-Profit Corporation, states as follows:

### JURISDICTION

1.      Jurisdiction of this action is based upon 29 U.S.C. § 621 *et seq*., the Age Discrimination in Employment Act, 29 U.S.C. § 216, the Equal Pay Act of 1963 as incorporated into the Fair Labor Standards Act of 1938, and 42 U.S.C. §2000e *et seq*., Title VII of the Civil Rights Act of 1964; and Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law, particularly age and sex discrimination claims under the Article 2, Employment, of the Illinois Human Rights Act, 775 ILCS 5/2 *et seq*., and a claim under the Illinois Equal Pay Act of 2003, 820 ILCS 112 *et seq*.

2.      Plaintiff timely filed charges against Defendant alleging age discrimination, sex discrimination, and equal pay discrimination with the Equal Employment Opportunity

Commission, and more than sixty (60) days have elapsed since the filing of the charges.

3.      More specifically, on February 8, 2010, within one-hundred and eighty (180 days) of her August 27, 2010 discharge, Plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") against Defendant for violations of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Federal Equal Pay Act of 1963.  Pursuant to Section 102(A-1) of Article 7A of the Illinois Human Rights Act, 775 ILCS 5/7A-102(A-1), "[a] charge filed with the EEOC within 180 days after the date of the alleged civil rights violation shall be deemed filed with the [Illinois] Department [of Human Rights] on the date filed with the EEOC.  On or about August 19, 2011, Plaintiff received a Right to Sue Letter from the EEOC.

4.      Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. §§ 2201 and 2201; 29 U.S.C. §§ 216(b) and 626(b).

5.      Liquidated damages are sought pursuant to 29 U.S.C. § 626(b).  Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

6.      Costs and attorneys fees may be awarded pursuant to 29 U.S.C. §§ 216(b) and 626(b), 42 U.S.C. §2000e-5(k), 820 ILCS 112/30(a), and Federal Rule of Civil Procedure 54.

## VENUE

7.      The Northern District of Illinois is the proper venue for the claims made herein pursuant to 29 U.S.C. § 1391(b), because Defendant's principal place of business is in the Northern District of Illinois and the conduct complained of herein occurred in the Northern District of Illinois.

## PARTIES

8.      Plaintiff, SHERYL H. KATZ, at the time of the events complained of herein, was

a resident of the Village of Wilmette, County of Cook, State of Illinois. Plaintiff was born in 1951, and is currently sixty (60) years of age. Plaintiff demands a trial by jury.

9. Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO ("JCC Chicago" or "Defendant Corporation"), at all relevant times complained of herein, was a Not-For-Profit Corporation, organized and existing under the laws of the State of Illinois. At all relevant times hereto, Defendant Corporation's principal place of business was located in the City of Chicago, County of Cook, State of Illinois. At all times relevant hereto, JCC Chicago was an employer, engaged in an industry affecting commerce, and, upon information and belief, employed more than thirty (30) regular employees.

## FACTUAL BACKGROUND

10. On or around August 1995, Plaintiff was hired by Defendant Corporation, or a predecessor entity to Defendant Corporation, as a Social Service Consultant to Defendant Corporation's North Suburban Early Childhood Services. Soon thereafter, Plaintiff became a full-time employee of Defendant Corporation, and was employed by Defendant Corporation until the date of her discharge on August 27, 2010.

11. Over the course of her employment with Defendant Corporation, Plaintiff performed and served in a variety of roles, including Director of Family Living and Learning Center and Director of Social Services, and at the time of her August 27, 2010 discharge, was serving as Assistant Director of Early Childhood Services.

12. While Plaintiff was employed as Director of Social Services by Defendant Corporation, Defendant Corporation formed a leadership group for the stated purpose of assembling and developing the next management group.

13. Plaintiff specifically requested to join the leadership group but was informed by

3

her supervisor, Sheila Goldman, that she was already considered part of management, and thus, could not be considered for future senior management, which was at least one level of management above Plaintiff.

14.     Upon information and belief, Plaintiff was denied access to the leadership group and was precluded from joining the group from which Defendant Corporation intended to develop and choose future senior management because of her advanced age.

15.     While Plaintiff was employed as Director of Social Service by Defendant Corporation and after the formation of the leadership group, Defendant Corporation also formed a group of employees entitled "Re-Imagine." Defendant Corporation placed only younger employees in their twenties (20s) and thirties (30s) in this group. Defendant Corporation intended for this group to develop new initiatives for the Defendant Corporation, as well as provide input as to Defendant Corporation's future direction.

16.     Upon information and belief, Plaintiff was denied inclusion and membership to the "Re-Imagine" group once again because of her older age.

17.     While Plaintiff was employed as Director of Social Services by Defendant Corporation, Plaintiff attended an event hosted by Defendant Corporation for its employees.

18.     At said event hosted by Defendant Corporation, Plaintiff was seated at a table of employees, each of whom was over forty (40) years of age.

19.     While Plaintiff was seated at said table, Mark Rothschild, then the Associate General Director of JCC Chicago, approached the table and orally referred to table of employees as the "grown-up's table," which was an overt and explicit reference to Plaintiff's older age.

20.     During the final years of Plaintiff's employment with Defendant Corporation, Defendant Corporation has discharged and/or obtained the resignation, transfer, or demotion of

older management employees in substantial disproportion to the ages of all employees and management employees.

21.     More specifically, Defendant Corporation has engaged in a series of pretextual "reductions in force" designed to discharge workers over forty (40) years of age by "eliminating" the older employees' positions. After discharging the older employee, however, Defendant Corporation would re-establish the "eliminated" position under a guise of a different title. Defendant Corporation would then hire a new individual under the age of forty (40) to undertake the re-established position and/or move or reposition an existing employee under the age of forty (40) to undertake the re-established position.

22.     Defendant Corporation discharged Plaintiff, who was fifty-nine (59) years of age at that time, as a direct result of her age.

23.     Because Plaintiff was discharged by Defendant Corporation prior to the date of Plaintiff's normal retirement age, as defined under Plaintiff's Federation Employee's Retirement Income Plan, Plaintiff's future pension payments will be significantly less than had Plaintiff not been discharged by Defendant Corporation prior to the age of normal retirement under the Plan.

24.     Upon information and belief, Defendant Corporation has hired an employee younger than Plaintiff to undertake and fulfill Plaintiff's former job responsibilities as Assistant Director of Early Childhood Services, but under the guise of a different job title.

25.     Upon information and belief, Defendant Corporation engaged in the systematic manner of paying female employees, including Plaintiff, less than similarly situated male employees for the performance of a job of equal skill, work, and responsibility.

26.     As a direct result of her treatment by Defendant Corporation, Plaintiff has suffered extreme stress, loss of sleep, sickness, physical pain and discomfort, emotional distress,

mental anguish embarrassment, humiliation, and disgust.

27.     Despite past and ongoing diligent efforts to secure comparable employment, Plaintiff has been forced to accept a position with substantially lower compensation.

## COUNT I
### (Age Discrimination in Violation of Federal Age Discrimination in Employment Act)

28.     Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

29.     This Count arises under the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

30.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

31.     Plaintiff was fifty-nine (59) years of age at the time Defendant Corporation discharged her from her employment with Defendant Corporation.

32.     Because Plaintiff's age was a motivating factor and made a difference in Defendant Corporation's decision to discharge Plaintiff, Defendant Corporation violated the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

33.     Defendant Corporation's actions have caused economic loss to Plaintiff.

34.     Defendant Corporation's actions towards Plaintiff were made willfully and with deliberate indifference to her federally protected rights.

35.     Costs and attorneys fees may be awarded pursuant to 29 U.S.C. §§ 216(b) and 226(b).  *See also Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1059 (9th Cir. 2009).

WHEREFORE, Plaintiff, SHERYL H. KATZ, prays that this Court enter judgment in her

favor and against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, including the

following relief:

    a.    A declaration that the conduct engaged in by Defendant Corporation was in violation of Plaintiff's rights;

    b.    An order enjoining Defendant Corporation from engaging in such conduct;

    c.    An order restoring Plaintiff to her rightful place as Assistant Director of Early Childhood Services or, in lieu of reinstatement, ordering front pay and benefits for the period remaining until normal retirement, in an amount to be determined at trial;

    d.    An award to Plaintiff of the equitable relief of back pay and fringe benefits and prejudgment interest for the entire period since Plaintiff's August 27, 2010 discharge from Defendant Corporation until date of reinstatement, or front pay and benefits accrual, in an amount to be determined at trial;

    e.    An award to Plaintiff of liquidated damages in an amount double the back pay and fringe benefits, in an amount to be determined at trial;

    f.    An award to Plaintiff of her costs and reasonable attorney's fees; and

    g.    An award to Plaintiff of such other and further relief as this Court deems equitable and just.

## COUNT II
### (Title VII Sex Discrimination Claim)

36.    Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the

same as if fully set forth herein.

37.    This Count arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII").

38.    Jurisdiction is invoked pursuant to 28 U.S.C. §1343(4) and 42 U.S.C. §2000e.

39.    Upon information and belief, because Plaintiff's sex (female) was a motivating

factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her

services as compared to similarly situated male employees, Defendant Corporations violated

Title VII.

40.     Defendant Corporation's actions have caused economic loss to Plaintiff.

41.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made with actual malice and deliberate indifference to her federally protected rights.

42.     Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §2000e-5(k).

WHEREFORE, Plaintiff, SHERYL H. KATZ, prays that this Court enter judgment in her favor and against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, including the following relief:

a.      A declaration that the conduct engaged in by Defendant Corporations was in violation of Plaintiff's rights;

b.      An order enjoining Defendant Corporation from engaging in such conduct;

c.      An order restoring Plaintiff to her rightful place as Assistant Director of Early Childhood Services or, in lieu of reinstatement, ordering front pay and benefits for the period remaining until normal retirement, in an amount to be determined at trial;

d.      An award to Plaintiff of the equitable relief of back pay and fringe benefits and prejudgment interest for the entire period since Plaintiff's August 27, 2010 discharge from Defendant Corporation until date of reinstatement, or front pay and benefits accrual, in an amount to be determined at trial;

e       An award to Plaintiff of non-economic compensatory damages, in an amount to be determined at trial;

f.      An award to Plaintiff of punitive damages, in an amount to be determined at trial;

g.      An award to Plaintiff of her costs and reasonable attorney's fees; and

h.      An award to Plaintiff of such other and further relief as this Court deems equitable and just.

8

## COUNT III
### (Federal Equal Pay Act of 1963 Claim)

43.     Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

44.     This Count arises under the Federal Equal Pay Act of 1963 as incorporated as a part of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

45.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

46.     Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporations violated the Federal Equal Pay Act of 1963.

47.     Defendant Corporation's actions have caused economic loss to Plaintiff.

48.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made with actual malice and deliberate indifference to her federally protected rights.

49.     Costs and attorneys fees may be awarded pursuant to 29 U.S.C. §§ 216(b).

WHEREFORE, Plaintiff, SHERYL H. KATZ, prays that this Court enter judgment in her favor and against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, including the following relief:

a.      A declaration that the conduct engaged in by Defendant Corporation was in violation of Plaintiff's rights;

b.      An order enjoining Defendant Corporation from engaging in such conduct;

c.      An award to Plaintiff requiring the Defendant Corporation to pay the difference between what she earned and what males were paid by Defendant Corporation for performing a job position requiring similar skill, effort, and responsibility during the period Plaintiff was employed by Defendant Corporation, along with prejudgment interest;

9

d.      An award to Plaintiff of her costs and reasonable attorney's fees; and

e.      An award to Plaintiff of such other and further relief as this Court deems equitable and just.

## COUNT IV
### (Age Discrimination in Violation of Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*)

50.     Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

51.     This Count arises under Article 2, Employment, of the Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*

52.     Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

53.     Plaintiff was fifty-nine (59) years of age at the time Defendant Corporation discharged her from her employment with Defendant Corporation.

54.     Because Plaintiff's age was a motivating factor and made a difference in Defendant Corporation's decision to discharge Plaintiff, Defendant Corporation violated the Illinois Human Rights Act, 775 ILCS 5/2-102(A).

55.     Defendant Corporation's actions have caused economic loss to Plaintiff.

56.     Defendant Corporation's actions towards Plaintiff were made with deliberate indifference to her state protected rights.

WHEREFORE, Plaintiff, SHERYL H. KATZ, prays that this Court enter judgment in her favor and against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, including the following relief:

a.      A declaration that the conduct engaged in by Defendant Corporations was in violation of Plaintiff's rights;

b.      An order enjoining Defendant Corporation from engaging in such conduct;

c.   An order restoring Plaintiff to her rightful place as Assistant Director of Early Childhood Services or, in lieu of reinstatement, ordering front pay and benefits for the period remaining until normal retirement, in an amount to be determined at trial;

d.   An award to Plaintiff of the equitable relief of back pay and fringe benefits and prejudgment interest for the entire period since Plaintiff's August 27, 2010 discharge from Defendant Corporation until date of reinstatement, or front pay and benefits accrual, in an amount to be determined at trial;

e.   An award to Plaintiff of non-economic compensatory damages, in an amount to be determined at trial;

f.   An award to Plaintiff of punitive damages, in an amount to be determined at trial;

g.   An award to Plaintiff of her costs and reasonable attorney's fees; and

h.   An award to Plaintiff of such other and further relief as this Court deems equitable and just.

## <u>COUNT V</u>
### (Sex Discrimination in Violation of Illinois Human Rights Act, 775 ILCS5/2 *et seq.*)

57.   Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

58.   This Count arises under Article 2, Employment, of the Illinois Human Rights Act, 775 ILCS5/2 *et seq*.

59.   Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

60.   Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporations violated the Illinois Equal Pay Act of 2003.

61.   Defendant Corporation's actions have caused economic loss to Plaintiff.

62.   Upon information and belief, Defendant Corporation's actions towards Plaintiff

11

were made willfully and with deliberate indifference to her state protected rights.

WHEREFORE, Plaintiff, SHERYL H. KATZ, prays that this Court enter judgment in her favor and against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, including the following relief:

a.   A declaration that the conduct engaged in by Defendant Corporations was in violation of Plaintiff's rights;

b.   An order enjoining Defendant Corporation from engaging in such conduct;

c.   An order restoring Plaintiff to her rightful place as Assistant Director of Early Childhood Services or, in lieu of reinstatement, ordering front pay and benefits for the period remaining until normal retirement, in an amount to be determined at trial;

d.   An award to Plaintiff of the equitable relief of back pay and fringe benefits and prejudgment interest for the entire period since Plaintiff's August 27, 2010 discharge from Defendant Corporation until date of reinstatement, or front pay and benefits accrual, in an amount to be determined at trial;

e.   An award to Plaintiff of non-economic compensatory damages, in an amount to be determined at trial;

f.   An award to Plaintiff of punitive damages, in amount to be determined at trial;

g.   An award to Plaintiff of her costs and reasonable attorney's fees; and

h.   An award to Plaintiff of such other and further relief as this Court deems equitable and just.

## COUNT VI
### (Claim Under the Illinois Equal Pay Act of 2003, 820 ILCS 112 *et seq*.)

63.   Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

64.   This Count arises under the Illinois Equal Pay Act of 2003, 820 ILCS 112 *et seq*.

65.   Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

12

66.     Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporations violated the Illinois Equal Pay Act of 2003.

67.     Defendant Corporation's actions have caused economic loss to Plaintiff.

68.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made with deliberate indifference to her state protected rights.

69.     Costs and attorneys' fees may be awarded pursuant to 820 ILCS 112/30(a).

WHEREFORE, Plaintiff, SHERYL H. KATZ, prays that this Court enter judgment in her favor and against Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO, including the following relief:

a.     A declaration that the conduct engaged in by Defendant Corporation was in violation of Plaintiff's rights;

b.     An order enjoining Defendant Corporation from engaging in such conduct;

c.     An award to Plaintiff requiring the Defendant Corporation to pay the difference in pay between what she earned and what males were paid by Defendant Corporation for performing a job position requiring similar skill, effort, and responsibility during the period Plaintiff was employed by Defendant Corporation, along with prejudgment interest;

d.     An award to Plaintiff of her costs and reasonable attorney's fees; and

e.     An award to Plaintiff of such other and further relief as this Court deems equitable and just.

Respectfully submitted,
SHERYL H. KATZ

Peter A. Cantwell, Esq.                          By:___/s/ Peter A. Cantwell_____
CANTWELL & CANTWELL                                   One of Her Attorneys
30 N. LaSalle St., Suite 2850
Chicago, Illinois 60602
(312) 372-3000
Attorney for Plaintiff