UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHERYL H. KATZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-C-8203 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| JEWISH COMMUNITY CENTERS OF | ) | |
| CHICAGO, an Illinois Not-for-Profit | ) | |
| Corporation, | ) | |
| Defendant. | ) | |

## FIRST AMENDED ANSWER TO COMPLAINT, DEFENSES, AND AFFIRMATIVE DEFENSES

## ANSWER

The Defendant, Jewish Community Centers of Chicago ("JCC"), by and through its

undersigned attorney, hereby answers the Complaint of Plaintiff, Sheryl H. Katz ("Katz"), as

follows:

## JURISDICTION

1.      Jurisdiction of this action is based upon 29 U.S.C. § 621 *et seq*., the Age
Discrimination in Employment Act, 29 U.S.C. § 216, the Equal Pay Act of 1963 as incorporated
into the Fair Labor Standards Act of 1938, and 42 U.S.C. §2000e *et seq*., Title VII of the Civil
Rights Act of 1964; and Plaintiff further invokes the supplemental jurisdiction of this Court
pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law, particularly
age and sex discrimination claims under the Article 2, Employment, of the Illinois Human Rights
Act, 775 ILCS 5/2 *et seq*., and a claim under the Illinois Equal Pay Act of 2003, 820 ILCS 112 *et
seq*.

**ANSWER:**   JCC admits that Katz seeks to invoke this Court's subject matter

jurisdiction over Katz's claims under the Age Discrimination in Employment Act,

29 U.S.C. § 621 *et seq*. (the "ADEA"), alleged in Count I of the Complaint, over her claims

under the federal Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "EPA"), of the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), alleged in Count III of the Complaint; over

her claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleged in Count II of the Complaint; over her claims under Article 2 of the Illinois Human Rights, 775 ILCS 5/2 *et seq.* (the "IHRA"), and those under the Illinois Equal Pay Act, 820 ILCS 112/1 *et seq.* (the "IEPA"), alleged in Counts IV and V, respectively, of the Complaint, pursuant to 28 U.S.C. §1367(a). JCC admits that the Court has subject matter jurisdiction over Katz's claims alleged in Counts I, II, and VI of the Complaint. JCC admits only that Katz seeks to invoke this Court's subject matter jurisdiction over Katz's claims under Counts IV and V of the Complaint under 28 U.S.C. §1367(a), but denies that those Counts are properly before the Court. JCC denies that the Court has subject matter jurisdiction over Katz's EPA claim alleged in Count III of the Complaint.

2.     Plaintiff timely filed charges against Defendant alleging age discrimination, sex discrimination, and equal pay discrimination with the Equal Employment Opportunity Commission, and more than sixty (60) days have elapsed since the filing of the charges.

**ANSWER:**  JCC admits that Katz filed an administrative Charge of Discrimination with United States Equal Opportunity Commission (the "EEOC") on February 8, 2011, alleging age discrimination in violation of the ADEA, sex discrimination in violation of Title VII, and violations of the EPA. JCC admits that more than sixty (60) days elapsed between the filing of her EEOC charge and the filing of the Complaint. JCC admits that Katz's administrative Charge of Discrimination was timely as to her ADEA and Title VII claims. JCC avers that Katz was not required to file an administrative charge of discrimination, as a statutory prerequisite to bringing a civil action under the EPA, and, therefore, denies that her EEOC charge was timely as to that claim.

3.     More specifically, on February 8, 2010, within one-hundred and eighty (180 days) of her August 27, 2010 discharge, Plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") against Defendant for violations of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Federal Equal Pay Act of 1963. Pursuant to Section 102(A-1) of Article 7A of the Illinois

2

Human Rights Act, 775 ILCS 5/7A-102(A-l), "[a] charge filed with the EEOC within 180 days after the date of the alleged civil rights violation shall be deemed filed with the [Illinois] Department [of Human Rights] on the date filed with the EEOC. On or about August 19, 2011, Plaintiff received a Right to Sue Letter from the EEOC.

**ANSWER:** JCC admits that Katz filed her EEOC Charge within 180 days from the date

of her discharge from employment with JCC as of August 27. 2010. JCC admits that Katz's

administrative Charge of Discrimination filed with EEOC alleged that JCC violated the ADEA,

Title VII, and the EPA. JCC admits that Section 7A-102(A-1) of the IHRA states, in part: "A

charge filed with the Equal Employment Opportunity Commission within 180 days after the date

of the alleged civil rights violation shall be deemed filed with the Department on the date filed

with the Equal Employment Opportunity Commission." JCC lacks knowledge or information

sufficient to form a belief about the truth of the allegation that Katz received a Right to Sue

Letter from the EEOC on or about August 19, 2011.

4.      Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. §§ 2201 and 2201; 29 U.S.C. §§ 216(b) and 626(b).

**ANSWER:** JCC admits that Katz seeks the relief recited in Paragraph 4 of the

Complaint, but denies that she is entitled to any of the relief sought therein.

5.      Liquidated damages are sought pursuant to 29 U.S.C. § 626(b). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

**ANSWER:** JCC admits that Katz seeks the relief recited in Paragraph 5 of the

Complaint, but denies that she is entitled to any of the relief sought therein.

6.      Costs and attorneys [sic] fees may be awarded pursuant to 29 U.S.C. §§ 216(b) and 626(b), 42 U.S.C. §2000e-5(k), 820 ILCS 112/30(a), and Federal Rule of Civil Procedure 54.

**ANSWER:** JCC admits only that the statutory sections and rules cited in Paragraph 6 of

the Complaint permit the Court to award the costs and attorneys' fees specified in the cited

sections of the FLSA, the ADEA, Title VII, and the IEPA to a plaintiff who obtains a judgment

3

in actions brought under the FLSA, or the IEPA and who also prevails in actions brought under

the ADEA or Title VII. JCC denies that Katz is entitled to any costs or attorneys' fees under any

of the statutory sections or rules cited in Paragraph 6 of the Complaint.

## VENUE

7.     The Northern District of Illinois is the proper venue for the claims made herein
pursuant to 29 U.S.C. § 1391(b), because Defendant's principal place of business is in the
Northern District of Illinois and the conduct complained of herein occurred in the Northern
District of Illinois.

**ANSWER:**  JCC admits that venue for the claims Katz alleges in the Complaint is

proper in the United States District Court for the Northern District of Illinois under

28 U.S.C. § 1391(b).  JCC admits that the conduct of which Katz complains in the Complaint

occurred in the Northern District of Illinois if it in fact occurred, but JCC denies that the

unlawful conduct complained of in the Complaint occurred at all.

## PARTIES

8.     Plaintiff, SHERYL H. KATZ, at the time of the events complained of herein, was
a resident of the Village of Wilmette, County of Cook, State of Illinois.  Plaintiff was born in
1951, and is currently sixty (60) years of age.  Plaintiff demands a trial by jury.

**ANSWER:**  JCC admits the allegations of Paragraph 8 of the Complaint.

9.     Defendant, JEWISH COMMUNITY CENTERS OF CHICAGO ("JCC Chicago"
or "Defendant Corporation"), at all relevant times complained of herein, was a Not-For-Profit
Corporation, organized and existing under the laws of the State of Illinois.  At all relevant times
hereto, Defendant Corporation's principal place of business was located in the City of Chicago,
County of Cook, State of Illinois.  At all times relevant hereto, JCC Chicago was an employer,
engaged in an industry affecting commerce, and, upon information and belief, employed more
than thirty (30) regular employees.

**ANSWER:**  JCC admits that it is, and at all relevant times was, an Illinois not-for-profit

corporation.  JCC admits that its principal place of business is, and at all relevant times was,

located in the City of Chicago, Illinois.  JCC admits that it employs, and at all relevant times

employed, more than thirty (30) regular employees.  JCC admits that it is, and at all relevant

4

times was, an employer "engaged in an industry affecting commerce" within the meaning of

Section 11(b) of the ADEA, 29 U.S.C.§ 630(b), and Section 701(b) of Title VII,

42 U.S.C. § 2000e(b). JCC denies that the program in which Katz was employed, JCC's

activities relevant to Count III, is, or at any material time was, "an enterprise" within the

meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), or an "enterprise engaged in commerce

or in the production of goods for commerce" within the meaning of Section 3(s) of the FLSA,

29 U.S.C. § 203(s). JCC denies each and every other allegation of Paragraph 9 of the Complaint.

### FACTUAL BACKGROUND

10.     On or around August 1995, Plaintiff was hired by Defendant Corporation, or a predecessor entity to Defendant Corporation, as a Social Service Consultant to Defendant Corporation's North Suburban Early Childhood Services. Soon thereafter, Plaintiff became a full-time employee of Defendant Corporation, and was employed by Defendant Corporation until the date of her discharge on August 27, 2010.

**ANSWER:** JCC admits the allegations of Paragraph 10 of the Complaint.

11.     Over the course of her employment with Defendant Corporation, Plaintiff performed and served in a variety of roles, including Director of Family Living and Learning Center and Director of Social Services, and at the time of her August 27, 2010 discharge, was serving as Assistant Director of Early Childhood Services.

**ANSWER:** JCC admits that it Katz was employed by it as Assistant Director of Early

Childhood Services for Social Services at the time of her discharge on August 27, 2011. JCC

admits that Katz had served in a variety of roles during her employment with JCC. JCC denies

that it ever conferred Katz with the job titles Director of Family Living and Learning or Director

of Social Services.

12.     While Plaintiff was employed as Director of Social Services by Defendant Corporation, Defendant Corporation formed a leadership group for the stated purpose of assembling and developing the next management group.

**ANSWER:** JCC denies that it ever conferred Katz with the job title Director of Social

Services. JCC denies each and every other allegation of Paragraph 12 of the Complaint.

5

13.     Plaintiff specifically requested to join the leadership group but was informed by her supervisor, Sheila Goldman, that she was already considered part of management, and thus, could not be considered for future senior management, which was at least one level of management above Plaintiff.

**ANSWER:** JCC denies each and every allegation of Paragraph 13 of the Complaint.

14.     Upon information and belief, Plaintiff was denied access to the leadership group and was precluded from joining the group from which Defendant Corporation intended to develop and choose future senior management because of her advanced age.

**ANSWER:** JCC denies each and every allegation of Paragraph 14 of the Complaint.

15.     While Plaintiff was employed as Director of Social Service by Defendant Corporation and after the formation of the leadership group, Defendant Corporation also formed a group of employees entitled "Re-Imagine." Defendant Corporation placed only younger employees in their twenties (20s) and thirties (30s) in this group. Defendant Corporation intended for this group to develop new initiatives for the Defendant Corporation, as well as provide input as to Defendant Corporation's future direction.

**ANSWER:** JCC denies that it ever conferred Katz with the job title of Director of Social Service. JCC admits that at some time after formation of the leadership group, it formed a program known as "Re-Imagine," but denies the characterization that JCC "intended for this group to develop new initiatives for Defendant Corporation, as well as provide input as to the Defendant Corporation's future direction" as being an incomplete and inaccurate characterization of the purposes of "Re-Imagine," and, therefore, denies those allegations. JCC denies each and every other allegation of Paragraph 15 of the Complaint.

16.     Upon information and belief, Plaintiff was denied inclusion and membership to the "Re-Imagine" group once again because of her older age.

**ANSWER:** JCC denies each and every allegation of Paragraph 16 of the Complaint.

17.     While Plaintiff was employed as Director of Social Services by Defendant Corporation, Plaintiff attended an event hosted by Defendant Corporation for its employees.

**ANSWER:** JCC denies that it ever conferred Katz with the job title Director of Social Services. JCC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

6

18. At said event hosted by Defendant Corporation, Plaintiff was seated at a table of employees, each of whom was over forty (40) years of age.

**ANSWER:** JCC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.

19. While Plaintiff was seated at said table, Mark Rothschild, then the Associate General Director of JCC Chicago, approached the table and orally referred to table of employees as the "grown- up's table," which was an overt and explicit reference to Plaintiff's older age.

**ANSWER:** JCC admits that Mark Rothschild ("Rothschild") was an Associate General Director of JCC during some of the period of time when Katz was employed by JCC. JCC lacks knowledge or information sufficient to form a belief about the truth of the allegation that "[w]-hile Plaintiff was seated at the table, Rothschild, then the Associate General Director of JCC Chicago, approached the table and orally referred to table of employees as the 'grown-up's table.'" JCC denies each and every other allegation of Paragraph 19 of the Complaint.

20. During the final years of Plaintiff's employment with Defendant Corporation, Defendant Corporation has discharged and/or obtained the resignation, transfer, or demotion of older management employees in substantial disproportion to the ages of all employees and management employees.

**ANSWER:** JCC denies each and every allegation of Paragraph 20 of the Complaint.

21. More specifically, Defendant Corporation has engaged in a series of pretextual "reductions in force" designed to discharge workers over forty (40) years of age by "eliminating" the older employees' positions. After discharging the older employee, however, Defendant Corporation would re-establish the "eliminated" position under a guise of a different title. Defendant Corporation would then hire a new individual under the age of forty (40) to undertake the re-established position and/or move or reposition an existing employee under the age of forty (40) to undertake the re-established position.

**ANSWER:** JCC denies each and every allegation of Paragraph 21 of the Complaint.

22. Defendant Corporation discharged Plaintiff, who was fifty-nine (59) years of age at that time, as a direct result of her age.

7

**ANSWER:** JCC admits that Katz was fifty-nine (59) years of age at the time JCC discharged her from employment. JCC denies each and every other allegation of Paragraph 22 of the Complaint.

23. Because Plaintiff was discharged by Defendant Corporation prior to the date of Plaintiff's normal retirement age, as defined under Plaintiff's Federation Employee's Retirement Income Plan, Plaintiff's future pension payments will be significantly less than had Plaintiff not been discharged by Defendant Corporation prior to the age of normal retirement under the Plan.

**ANSWER:** JCC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Upon information and belief, Defendant Corporation has hired an employee younger than Plaintiff to undertake and fulfill Plaintiff's former job responsibilities as Assistant Director of Early Childhood Services, but under the guise of a different job title.

**ANSWER:** JCC denies each and every allegation of Paragraph 24 of the Complaint.

25. Upon information and belief, Defendant Corporation engaged in the systematic manner of paying female employees, including Plaintiff, less than similarly situated male employees for the performance of a job of equal skill, work, and responsibility.

**ANSWER:** JCC denies each and every allegation of Paragraph 25 of the Complaint.

26. As a direct result of her treatment by Defendant Corporation, Plaintiff has suffered extreme stress, loss of sleep, sickness, physical pain and discomfort, emotional distress, mental anguish embarrassment, humiliation, and disgust.

**ANSWER:** JCC denies each and every allegation of Paragraph 26 of the Complaint.

27. Despite past and ongoing diligent efforts to secure comparable employment, Plaintiff has been forced to accept a position with substantially lower compensation.

**ANSWER:** JCC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 27 of the Complaint.

## <u>COUNT I</u>
### (Age Discrimination in Violation of Federal Age Discrimination in Employment Act)

28. Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

**ANSWER:** JCC repeats and re-alleges its Answers to Paragraphs 1 through 27 of the Complaint as its Answer to Paragraph 28 and incorporates same as though set forth in full herein.

29. This Count arises under the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

**ANSWER:** JCC admits that Katz brings Count I of the Complaint under the ADEA, but denies that it violated the ADEA as alleged in Count I.

30. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

**ANSWER:** JCC admits that the Court has federal question subject matter jurisdiction over Count I of the Complaint.

31. Plaintiff was fifty-nine (59) years of age at the time Defendant Corporation discharged her from her employment with Defendant Corporation.

**ANSWER:** JCC admits Paragraph 31 of the Complaint.

32. Because Plaintiff's age was a motivating factor and made a difference in Defendant Corporation's decision to discharge Plaintiff, Defendant Corporation violated the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

**ANSWER:** JCC denies each and every allegation of Paragraph 32 of the Complaint.

33. Defendant Corporation's actions have caused economic loss to Plaintiff.

**ANSWER:** JCC denies each and every allegation of Paragraph 33 of the Complaint.

34. Defendant Corporation's actions towards Plaintiff were made willfully and with deliberate indifference to her federally protected rights.

**ANSWER:** JCC denies each and every allegation of Paragraph 34 of the Complaint.

35. Costs and attorneys [sic] fees may be awarded pursuant to 29 U.S.C. §§ 216(b) and 226(b). *See also Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1059 (9th Cir. 2009).

**ANSWER:** JCC admits only that a plaintiff who obtains a judgment under the ADEA is entitled to an award of reasonable attorneys' fees and costs under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which is incorporated into Section 7 of the ADEA, 29 U.S.C. § 626(b). JCC

denies that Katz is entitled to an award of attorneys' fees and costs under the FLSA, and denies each and every other allegation of Paragraph 35 of the Complaint.

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz on Count I of the Complaint, and award it its costs, expenses, and attorneys' fees incurred in defending against Count I and such other and further relief as is just and equitable.

## COUNT II
### (Title VII Sex Discrimination Claim)

36.     Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

**ANSWER:**  JCC repeats and re-alleges its Answers to Paragraphs 1 through 27 of the Complaint as its Answer to Paragraph 36 of the Complaint and incorporates same as though set forth in full herein.

37.     This Count arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*., and the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII").

**ANSWER:**  JCC admits only that Katz brings Count II of the Complaint under Title VII as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (the "Civil Rights Act of 1991"). JCC denies that the Civil Rights Act of 1991 provides a cause of action on its own, and denies each and every other allegation of Paragraph 37 of the Complaint.

38.     Jurisdiction is invoked pursuant to 28 U.S.C. §1343(4) and 42 U.S.C. § 2000e.

**ANSWER:**  JCC admits that the Court has subject matter jurisdiction over Count II under 28 U.S.C. §1343(4) and Title VII, 42 U.S.C. §2000e, *et seq*.

39.     Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporations violated Title VII.

**ANSWER:**  JCC denies each and every allegation of Paragraph 39 of the Complaint.

40.     Defendant Corporation's actions have caused economic loss to Plaintiff.

10

**ANSWER:** JCC denies each and every allegation of Paragraph 40 of the Complaint.

41.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made with actual malice and deliberate indifference to her federally protected rights.

**ANSWER:** JCC denies each and every allegation of Paragraph 41 of the Complaint.

42.     Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5(k).

**ANSWER:** JCC admits only that Katz seeks compensatory and punitive damages under the Civil Rights Act of 1991 and that a prevailing party in a Title VII action may be awarded reasonable attorneys' fees in the Court's discretion under Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k). JCC denies that Katz is entitled to compensatory and/or punitive damages or attorneys' fees under Count II in this action, and denies each and every other allegation of Paragraph 42 of the Complaint.

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz on Count II of the Complaint, and award it its costs, expenses. and attorneys' fees incurred in defending against Count II and such other and further relief as is just and equitable.

## COUNT III
### (Federal Equal Pay Act of 1963 Claim)

43.     Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as its answer to Paragraph 43 of the Complaint as if fully set forth herein.

**ANSWER:** JCC repeats and re-alleges its Answers to Paragraphs 1 through 27 of the Complaint as its Answer to Paragraph 43 of the Complaint and incorporates same as though set forth in full herein.

44.     This Count arises under the Federal Equal Pay Act of 1963 as incorporated as a part of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

**ANSWER:** JCC admits only that Katz seeks to bring Count III of the Complaint under the EPA and FLSA. JCC denies that the Court has subject matter jurisdiction over Count III.

11

45.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

**ANSWER:** JCC admits only that Katz seeks to invoke the Court's jurisdiction over Count III of the Complaint under 28 U.S.C. § 1331 and that the Court has jurisdiction to determine whether it has jurisdiction over Count III. JCC denies that the Court has subject matter jurisdiction over Count III.

46.     Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporations violated the Federal Equal Pay Act of 1963.

**ANSWER:** JCC denies each and every allegation of Paragraph 46 of the Complaint.

47.     Defendant Corporation's actions have caused economic loss to Plaintiff.

**ANSWER:** JCC denies each and every allegation of Paragraph 47 of the Complaint.

48.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made with actual malice and deliberate indifference to her federally protected rights.

**ANSWER:** JCC denies each and every allegation of Paragraph 48 of the Complaint.

49.     Costs and attorneys [sic] fees may be awarded pursuant to 29 U.S.C. §§ 216(b).

**ANSWER:** JCC admits that Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides for an award of reasonable attorneys' fees and costs to a plaintiff who obtains a judgment under the FLSA. JCC denies that Katz is entitled to an award of attorneys' fees and costs under Count III of the Complaint, and denies each and every other allegation of Paragraph 49 of the Complaint.

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz on Count III of the Complaint, and award it its costs, expenses, and attorneys' fees incurred in defending against Count III and such other and further relief as is just and equitable.

12

## COUNT IV
**(Age Discrimination in Violation of Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*)**

50.    Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

**ANSWER:**   JCC repeats and re-alleges its Answers to Paragraphs 1 through 27 of the Complaint as its Answer to Paragraph 50 of the Complaint and incorporates same as though set forth in full herein.

51.    This Count arises under Article 2, Employment, of the Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*

**ANSWER:**   JCC admits only that Katz brings Count IV of the Complaint under the IHRA, but denies that Count IV has been properly brought in this action, and denies each and every other allegation of Paragraph 51 of the Complaint.

52.    Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**   JCC admits that Katz seeks to invoke the supplemental jurisdiction over Count IV of the Complaint under 28 U.S.C. § 1367(a), but denies that Count IV is properly before the Court.

53.    Plaintiff was fifty-nine (59) years of age at the time Defendant Corporation discharged her from her employment with Defendant Corporation.

**ANSWER:**   JCC admits the allegations of Paragraph 53 of the Complaint.

54.    Because Plaintiff's age was a motivating factor and made a difference in Defendant Corporation's decision to discharge Plaintiff, Defendant Corporation violated the Illinois Human Rights Act, 775 ILCS 5/2-102(A).

**ANSWER:**   JCC denies each and every allegation of Paragraph 54 of the Complaint.

55.    Defendant Corporation's actions have caused economic loss to Plaintiff.

**ANSWER:**   JCC denies each and every allegation of Paragraph 55 of the Complaint.

56.    Defendant Corporation's actions towards Plaintiff were made with deliberate indifference to her state protected rights.

**ANSWER:**   JCC denies each and every allegation of Paragraph 56 of the Complaint.

DM2\3726382.1

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz on Count IV of the Complaint, and award it its costs, expenses, and attorneys' fees incurred in defending against Count IV and such other and further relief as is just and equitable.

**COUNT V**
**(Sex Discrimination in Violation of Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*)**

57.    Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

**ANSWER:**   JCC repeats and re-alleges its Answers to Paragraphs 1 through 27 of the Complaint as its Answer to Paragraph 57 of the Complaint and incorporates same as though set forth in full herein.

58.    This Count arises under Article 2, Employment, of the Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*

**ANSWER:**   JCC admits only that Katz brings Count V of the Complaint under the IHRA, but denies that Count V has been properly brought in this action, and denies each and every other allegation of Paragraph 58 of the Complaint.

59.    Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**   JCC admits that Katz seeks to invoke the Court's supplemental jurisdiction over Count V of the Complaint under 28 U.S.C. § 1367(a), but denies that Count V is properly before the Court.

60.    Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporation violated the Illinois Equal Pay Act of 2003.

**ANSWER:**   JCC denies each and every allegation of Paragraph 60 of the Complaint.

61.    Defendant Corporation's actions have caused economic loss to Plaintiff.

**ANSWER:**   JCC denies each and every allegation of Paragraph 61 of the Complaint.

DM2\3726382.1

62.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made willfully and with deliberate indifference to her state protected rights.

**ANSWER:**  JCC denies each and every allegation of Paragraph 62 of the Complaint.

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz on

Count V of the Complaint, and award it its costs, expenses, and attorneys' fees incurred in

defending against Count V and such other and further relief as is just and equitable.

## COUNT VI
### (Claim Under the Illinois Equal Pay Act of 2003, 820 ILCS 112 *et seq.)*

63.     Plaintiff re-alleges Paragraphs 1 through 27 of the Complaint and incorporates the same as if fully set forth herein.

**ANSWER:**  JCC repeats and re-alleges its Answers to Paragraphs 1 through 27 of the

Complaint as its Answer to Paragraph 63 of the Complaint and incorporates same as though set

forth in full herein.

64.     This Count arises under the Illinois Equal Pay Act of 2003, 820 ILCS 112 *et seq.*

**ANSWER:**  JCC admits that Count VI arises under the IEPA, 820 ILCS 112/1 *et seq.*

65.     Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**  JCC admits that the Court has supplemental jurisdiction over Count VI of

the Complaint under 28 U.S.C. § 1367(a).

66.     Upon information and belief, because Plaintiff's sex (female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation in compensation for her services as compared to similarly situated male employees, Defendant Corporations violated the Illinois Equal Pay Act of 2003.

**ANSWER:**  JCC denies each and every allegation of Paragraph 66 of the Complaint.

67.     Defendant Corporation's actions have caused economic loss to Plaintiff.

**ANSWER:**  JCC denies each and every allegation of Paragraph 67 of the Complaint.

68.     Upon information and belief, Defendant Corporation's actions towards Plaintiff were made with deliberate indifference to her state protected rights.

**ANSWER:**  JCC denies each and every allegation of Paragraph 68 of the Complaint.

15

69.     Costs and attorneys' fees may be awarded pursuant to 820 ILCS 112/30(a).

**ANSWER:**  JCC admits only that 820 ILCS 112/30(a) permits a plaintiff in a successful

action under the IEPA to recover such reasonable attorneys' fees and costs as the court in the

action allows.  JCC denies that Katz is entitled to any award of attorneys' fees and costs under

820 ILCS 112/30(a).

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz on

Count VI of the Complaint, and award it its costs, expenses and attorneys' fees incurred in

defending against Count VI and such other and further relief as is just and equitable.

## DEFENSES

### FIRST DEFENSE
### (Lack of Subject Matter Jurisdiction over Katz's EPA Claims, Count III of the Complaint)

1.     The Court lacks subject matter jurisdiction over Katz's EPA claims alleged in

Count III of the Complaint because the program in which Katz was employed, JCC's activities

relevant to Count III, is not, nor at any material time was, "an enterprise" within the meaning of

Section 3(r) of the of the FLSA, 29 U.S.C. § 203(r), or an "enterprise engaged in commerce or in

the production of goods for commerce" within the meaning of Sections 3(s) of the FLSA, 29

U.S.C. § 203(s).

### SECOND DEFENSE
### (Count III of the Complaint Fails to State a Claim Upon Which Relief Can Be Granted
### Under the EPA)

2.     Katz's EPA claim, alleged in Count III of the Complaint, fails to state a claim

upon which relief can be granted in that it alleges, in relevant part, that "because Plaintiff's sex

(female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation

in compensation for her services as compared to similarly situated males, Defendant Corporation

violated the Federal Equal Pay Act of 1963" (Complaint Paragraph 46), whereas the relevant

16

provisions of the EPA at Section 6(d)(1) of the FLSA, 29 U.S.C. § 206(d)(1), state in pertinent

part:

> No employer having employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal, skill effort and responsibility, and which are performed under similar working conditions . . .

Since Count III does not allege a violation of the EPA, it fails to state a claim upon which

relief can be granted.

### THIRD DEFENSE
#### (Katz Failed to Comply with Statutory Prerequisites for Bringing her IHRA Age Discrimination Claim, Count IV of the Complaint)

3.      On information and belief, Katz failed to comply with the prerequisites set forth

in Section 7A-102(A-1) of the IHRA, 820 ILCS 5/7A(A-1), as that section of the IHRA was in

effect on February 8, 2011 when Katz filed her administrative charge of discrimination with the

EEOC, which are required for bringing her IHRA claim of age discrimination alleged in Count

IV of the Complaint in this action.  Therefore, Count IV is not properly before the Court.

### FOURTH DEFENSE
#### (Katz Failed to Comply with Statutory Prerequisites for Bringing her IHRA Sex Discrimination Claim, Count V of the Complaint)

4.      On information and belief, Katz failed to comply with the prerequisites set forth

in Section 7A-102(A-1) of the IHRA, 820 ILCS 5/7A(A-1), as that section of the IHRA was in

effect on February 8, 2011 when Katz filed her administrative charge of discrimination with the

EEOC, which are required for bringing her IHRA claim of sex discrimination alleged in Count

IV of the Complaint in this action.  Therefore, Count IV is not properly before the Court.

### FIFTH DEFENSE
### (Count VI of the Complaint Fails to State a Claim Upon Which Relief Can Be Granted Under the IEPA)

5.     Katz's IEPA claim, alleged in Count VI of the Complaint, fails to state a claim

upon which relief can be granted in that it alleges, in relevant part, that "because Plaintiff's sex

(female) was a motivating factor in the lesser amount paid to Plaintiff by Defendant Corporation

in compensation for her services as compared to similarly situated males, Defendant Corporation

violated the Federal Equal Pay Act of 1963" (Complaint Paragraph 66), whereas the relevant

provisions of the IEPA at Section 10(a) state in pertinent part:

> No employer having employer may discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to employees of the opposite sex for the same or substantially similar work on jobs the performance of which requires equal, skill effort and responsibility, and which are performed under similar working conditions . . .

Since Count VI does not allege a violation of the IEPA, it fails to state a claim upon

which relief can be granted.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Factor Other Than Sex as a Defense to Alleged EPA Violations, Count III of the Complaint)

1.     Assuming, *arguendo*, that Katz can prove that she was paid less than a male

employee working in the same JCC establishment for equal work on jobs the performance of

which required equal skill, effort, and responsibility, and which were performed under similar

working conditions, any such alleged pay differential was based on other factors other than sex,

thus defeating Katz's claim under the EPA brought in Count III of the Complaint.

DM2\3726382.1

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations as a Defense to
### Alleged EPA Violations, Count III of the Complaint)

2.      Any claim by Katz for violations of the EPA alleged in Count III of the

Complaint that arose before November 16, 2008, at the earliest, as well as any remedy for such

alleged violations, are barred by the statute of limitations set forth in Section 6 of the Portal-to-

Portal Act, 29 U.S.C. § 255.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations as a Defense to
### Alleged Sex-Based Pay Violations of the IHRA, Count V of the Complaint)

3.      Any claim by Katz for sex-based pay violations of the IHRA alleged in Count V

of the Complaint that arose more than 180 days before Katz filed her administrative Charge of

Discrimination with the EEOC on February 8, 2011, as well as any remedy for such alleged

violations, are barred by the statute of limitations set forth in Section 7A-102(A)(1) of the IHRA,

820 ILCS 5/7A-102(A)(1).

## FOURTH AFFIRMATIVE DEFENSE
### (Factor Other Than Sex as a Defense to
### Alleged IEPA Violations, Count VI of the Complaint)

4.      Assuming, *arguendo*, that Katz can prove that she was paid less than a male

employee for equal work on a job the performance of which required equal skill, effort, and

responsibility, and which were performed under similar working conditions, any such alleged

pay differential was based on other factors other than sex, thus defeating Katz's claim under the

IEPA brought in Count V of the Complaint.

DM2\3726382.1

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations as a Defense to
### Alleged IEPA Violations, Count VI of the Complaint)

5.     Any claim by Katz for violations of the IEPA alleged in Count V of the

Complaint that arose before November 16, 2006, as well as any remedy for such alleged

violations, are barred by the statute of limitations set forth in Section 30(a) of the IEPA, 820

ILCS 112/30(a).

WHEREFORE, JCC prays that this Court enter judgment in its favor and against Katz,

and award it its costs, expenses, and attorneys' fees incurred in defending against this action and

such other and further relief as is just and equitable.

Dated: September 5, 2012

Respectfully submitted,
Jewish Community Centers of Chicago,
Defendant


/s/ Howard L. Mocerf
Howard L. Mocerf, One of Its Attorneys

Howard Mocerf (ARDC No. 01935798)
Jennifer L. Long (ARDC No. 6237572)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499-6700
Telefax: (312) 499-6701

DM2\3726382.1

## CERTIFICATE OF SERVICE

I, Howard L. Mocerf, an attorney, certify that on September 5, 2012, I served the foregoing First Answer to Complaint, Defenses, and Affirmative Defenses by causing a true and correct copy thereof to be electronically filed using the CM/ECF system which will send electronic notification of this filing to the following ECF attorneys of record at their e-mail addresses filed with the Court:

> *peterc@cc-legal.com*
> *c.cfederal@sbcglobal.net*
> Peter A. Cantwell, Esq.
> chism@cc-legal.com
> c.cfederal@sbcglobal.net
> Christopher J. Miller, Esq.
> Cantwell & Cantwell
> 30 North La Salle Street, Suite 2850
> Chicago, IL 60602

Dated:  September 5, 2012                    /s/ Howard L. Mocerf
                                             Howard L. Mocerf

DM2\3726382.1