# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8203 | **DATE** | 2/7/2013 |
| **CASE TITLE** | Katz vs. Jewish Community Centers of Chicago | | |

**DOCKET ENTRY TEXT**

Continued motion hearing held on 2/7/13 with respect to Plaintiff's Document Requests Nos. 5, 6, 7, 10, 15, 16 and 17 encompassed by Plaintiff's Motion to Compel Discovery Responses [36] originally heard on 1/25/13 [58]. The Court will rule via the CM/ECF system on this remaining aspect of Plaintiff's Motion to Compel [36]. Status hearing held concerning the parties' lack of progress in agreeing upon parameters for key word searches of Defendant's e-mail data. The Court ordered the parties to submit by 2/14/13 a proposed order with firm dates by which a key word search of Defendant's e-mail data will be performed and relevant, non-privileged documents produced for Plaintiff's review. (See Statement for further details.)

■[ For further details see text below.]  Notices mailed by Judicial staff.

01:30

## STATEMENT

For the reasons stated on the record during the hearing held on 2/7/13, the parties shall submit by 2/14/13 a draft order that encompasses the timetable described below. If the parties cannot agree to a joint submission on 2/14/13, they may submit separate proposed orders. The parties' proposed order(s) shall address the following matters:

1. Defendant, in consultation with its e-discovery liaison or consultant, will propose its list of key word search terms and parameters by [date];

2. Plaintiff, after consultation with her e-discovery liaison or consultant, shall respond in writing to Defendant's proposal by [date];

3. Counsel for both parties, together with their respective e-discovery liaisons or consultants, shall meet in-person to attempt to reach agreement on key word search terms and parameters by [date];

4. The parties will submit – jointly, if possible – a proposed order with their agreed key word search terms and parameters by [date]. That order also will set a date by which relevant, non-privileged documents generated by the key word search will be produced (either electronically or otherwise) by Defendant to Plaintiff.

If the parties disagree with respect to either the key word search terms and parameters, or the date for production of documents generated by the key word searches, they may submit separate proposed orders for the Court's consideration. As stated on the record, however, the Court has reviewed the key word search

| STATEMENT |
|---|

terms and parameters that Plaintiff has been proposing to Defendant over the past few months (submitted *in camera* per the Court's order of 1/25/13 [58]) and the Court agrees with Defendant that Plaintiff's proposals are seriously overbroad, not well-calibrated to obtain information that likely would be relevant or that would lead to the discovery of admissible evidence within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure and would, instead, result in a burdensome review by Defendant to weed out wholly irrelevant information before anything is produced to Plaintiff. That is why the Court has accepted Defendant's suggestion that it now propose an appropriate list of key word search terms and parameters.

The Court will set an interim date for a status hearing when it enters its order with the timetable described above.

It is so ordered.