Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8203 | **DATE** | 2/21/2013 |
| **CASE TITLE** | Katz vs. Jewish Community Centers of Chicago | | |

**DOCKET ENTRY TEXT**

Status hearing held. At the parties' request, the Court clarified its order of 2/7/11 [64]. [See Statement for further details]

■ [ For further details see statement below.]   Notices mailed by Judicial staff.

00:45

## STATEMENT

For the reasons discussed on the record, the Court clarifies its order of 2/7/11 as follows:

1. Defendant shall produce for fiscal years 2006 – 2010 the same hard-copy financial and budget documents that it produced for FY 2011 as referenced in its response to Plaintiff's Request for Production No. 5 and subsequent requests incorporating that response. Defendant shall produce these documents within the next two weeks as it offered to do today.

2. The Court recognizes Defendant's continuing objection to producing this material on the grounds of relevance, but overrules that objection in the context of discovery for the reasons stated in its Order of 2/11/13 [64].

3. This order is without prejudice to Plaintiff's ability to request electronically stored information ("ESI") relating to Defendant's financial and budgetary facts or processes in the future, if necessary, and to Defendant's objections to producing that information. Plaintiff will review the hard copy documents it will receive before pursuing further ESI on these issues, however. Further, nothing in today's order is intended to alter or constrain the parties' previous agreements concerning the review and production of ESI nor to alter the process that already is underway to identify key word search terms and searches to be run on ESI of designated custodians as described in the Court's previous orders of 2/7/13 and 2/20/13 [62, 66].

In addition, to the extent either party desires to follow-through on their respective suggestions of possible motions for attorneys' fees and costs pursuant to Fed.R.Civ.P. 37 arising from the Court's disposition of Plaintiff's Motion to Compel Discovery Responses [36], the Court notes upon further reflection that the existing referral by the District Judge appears to be broad enough to encompass such motions [12]. Accordingly, contrary to the discussion at this morning's hearing, it appears that any such motions may be filed before this Magistrate Judge though, as also discussed, the Court may need to consider

| STATEMENT |
|---|
| any such motion(s) in the context of a Report and Recommendation to the District Judge. *See Cleversafe, Inc. v. Amplidata, Ltd., No. 11-cv-4890 (N.D. Ill. 11/29/12) (Cole, M.J.).*<br><br> Finally, at the previously set status hearing on April 2, 2013 [65], the parties should be prepared to propose dates for the close of fact discovery in this case. The Court intends to re-set discovery dates in this case as soon as it knows approximately when the first wave of ESI will be produced by Defendant to Plaintiff. The Court will entertain, if necessary, a phased approach for the completion of discrete discovery segments, but it intends to set firm dates by which discovery will proceed to completion in this case as soon as those dates can be set without being completely aspirational.<br><br> It is so ordered. |